## 10401

### STACKHOUSE *ET AL.* v. CARMICHAEL.

#### (102 S. E. 783.)

LOGS AND LOGGING—TIMBER DEED CONSTRUED AS TO TIME FOR REMOVAL OF LOGGING RAILROAD.—Where one timber deed fixed a period of 90 days after expiration for removal of a logging road constructed by the grantee, while another deed contained no such provision, the logging road would become property of the grantors in the first case in event of failure to remove within the time stipulated, while in the latter case the grantee would have a reasonable time after expiration of the period fixed for removal of timber to remove the logging railroad; this being so regardless of whether the railroad be deemed a fixture.

Before Gary, J., Dillon, Spring term, 1918. Reversed and new trial granted.

Action by W. F. Stackhouse and the Farmers & Merchants Bank against Mike Carmichael. From a judgment for defendant, plaintiffs appeal.

*Messrs. L. D. Lide* and *H. S. McCandlish,* for appellants. *Mr. Lide* submits: *The property in question was not a fixture:* 15 S. C. 67; 19 Conn. 154; 2 Kent 343; 2 Bouv. Inst. 163; 1 Bail. 540; 2 Am. Lead. Cas. 747; 31 S. C. 267; 14 S. C. 366; 22 S. C. 585; Jones on Chattel Mortgages, p. 133; 51 S. C. 1; 95 S. C. 221. *The failure to remove the property within the time specified in the timber deed did not forfeit plaintiffs' title thereto:* 19 Cyc. 1067; 100 S. C. 21; 84 S. E. 307; 51 S. C. 1; 28 S. E. 2; 95 S. C. 221; 78 S. E. 969; 97 S. C. 189; 81 S. E. 505.

*Messrs. Gibson & Muller,* for respondent, submit: *That the relation that existed between the grantors and the grantee in the deeds referred to in this case was that of landlord and tenant:* 98 S. C. 24; 108 S. C. 324. *A fixture is an article which was a chattel, but by being physically annexed to the realty by one having an interest in the soil becomes part and parcel of it:* 33 S. C. 339; 15 S. C. 70. *The Court, however, has gotten away from the original idea, and the doctrine in South Carolina now is that where there is a manifest intention to use alleged fixtures in some employ-ment, distinct from that of the occupier of real estate, as where the chattel has been annexed for the purpose of car-rying on trade, it is not, in general, considered as part of realty:* 15 S. C. 70; 57 S. C. 1; 28 S. E. 2; 100 S. C. 26. *While we admit the correctness of the general rule, it is not determinative of the issues involved in this particular case. Here the parties have themselves contracted with reference to the right of grantees to remove the structures or fixtures placed by the grantees upon the land, and upon failure to remove according to the contract, the title to the property*

*has vested in the landlord and the tenant has no further interest in it:* R C. L., vol. II, p. 1072; Tiffany on Landlord and Tenant, p. 1585; 11 Am. Dec., p. 244; (Md.) 6 A. S. R., p. 467; Am. D. & E. R. C., p. 739 (note); 4 Watts (Pa.) 330; Pa. St. 302; 38 Pa. St. 346; 171 Pa. St. 569; 14 Cal. 59; 193 Pa. St. 359; 97 Mich. 215; 5 Pa. Dist. 202; 18 N. Y. App. Div. 276; 163 N. Y. 360; 15 L. R. A. (N. S.), p. 728. *Appellant is now estopped to make the contention that the question of waiver should have been submitted to the jury, for the reason that he asked the Court to direct a verdict in his favor, and the respondent also making a motion to the same effect, there was implied consent at least that the case should be withdrawn from the jury and all issues determined by the Court:* 38 Cyc. 1582.

April 13, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for the recovery of certain personal property of the admitted value of $4,500. The action was commenced August 15, 1917. After issue joined the cause was tried before Judge Gary, and a jury, at Dillon, S. C., March term, 1918. After evidence was all in both plaintiffs and defendant moved for a directed verdict, and his Honor directed a verdict in favor of the defendant for the property in dispute or value thereof, $4,500, after entry of judgment. Plaintiffs appeal, and by eight exceptions complain of error.

These exceptions raise the following exceptions: (1) The property in question was not a fixture. (2) The failure to remove the property within the duration of the timber deeds did not forfeit plaintiff's title thereto. (3) There was evidence to go to the jury upon the question of waiver by the defendant. (4) The timber deed executed by Fanny McNeely stipulated no time relating to the removal of any of the property, except building, and, since one-half of the

rails were laid upon the lands covered by this deed, a general verdict should not have been directed for the defendant.

The railroad in question was not a fixture, but personal property; but in the case at bar the parties themselves contracted with reference to the right of grantees to remove structures or fixtures placed by the grantees upon the land. One deed had 90 days after it expired for such removal. This deed expired in June, 1916. The grantees under the lease had the right to remove before the expiration of the lease, within the 10 years, or within 90 days after its expiration. This was the contract made between them and by which they are bound. A failure to remove within the time contracted for by the parties worked a forfeiture. Both parties are bound by the provisions of the contract made between the grantor and grantees, so under the Carskaddon Young Company deed the rail on this land becomes the property of the grantor when there was a failure to remove within the time provided for in said deed; not that they were fixtures, but because of the plain provisions of the contract made between the parties. The McNeely deed contained no such provision, and, that being the case, a reasonable time should be allowed after the expiration of the time allowed by the timber deed. There was clearly sufficient evidence to carry the case to the jury on the question of waiver, and his Honor was in error in not submitting this question.

Judgment reversed, and new trial granted.

New trial.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. JUSTICE FRASER. I concur in the result only. I think that the limit fixed in the deed affects only the right of entry on the land and not the title to personal property left thereon. I think the property in dispute, as a matter of law, is the property of the plaintiffs, and a verdict should have been directed in their favor.